WILLIS, ROBERT E., Associate Judge.
The ’appellant-insurer was defendant below in a suit in equity by which the ap-pellee sought reformation of a policy on his automobile so as to include collision coverage. The lower court denied reformation but decreed that the plaintiff was entitled to recover the salvage value of his wrecked automobile. The appellant-insurer seeks reversal of that part of the decree awarding plaintiff the salvage value of the automobile.
On July 20, 19S9 the appellee-plaintiff purchased an automobile and financed it through a bank. The bank received a binder from the insurer confirming that appel-lee had both liability and collision insurance. Later the appellee dropped the collision part of the insurance but neither party notified the bank. On November 19, 1959 the appellee was involved in a collision and his car was wrecked leaving it with a salvage value of $539.50. The appellant denied liability for the liability claim, but did pay the bank its loss since the bank had not been notified of the cancellation of the collision coverage.
The lower court found that the appellee had delivered the wrecked car to the bank and that the bank in turn delivered it to the appellant-insurer. The court further held that, not having incurred liability to the appellee, the appellant could not accept the car for salvage. We disagree. The bank, being entitled to recover the unpaid balance of its loan on the vehicle, properly received the wrecked vehicle. The insurer could discharge the obligation by paying the cash difference between the value at the time of the loss and the salvage value and, upon payment in full to the bank, would be entitled to the wrecked vehicle. That is what happened. See Stoudt v. Securities Investment Company, Fla.App.1962, 140 So.2d 122.
The judgment for the appellee is reversed with directions to the lower court to-modify the final decree in accordance with the views herein expressed.
Reversed with directions.
KANNER, Acting C. J., and WHITE, J., concur.